UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| **LORI THOMAS, an individual;** | ) CASE NO.: 3:17-cv-01353 |
| | ) |
| **Plaintiff,** | ) COMPLAINT FOR VIOLATION OF |
| | ) ERISA SECTION 502(a)(1)(B); |
| v. | ) |
| | ) |
| **LIFE INSURANCE COMPANY OF** | ) [29 USCS 1132(a)(1)(B)] |
| **NORTH AMERICA, a Connecticut** | ) [29 USCS 1132(g)] |
| **Corporation; FAZOLI'S RESTAURANT** | ) |
| **GROUP, INC., LONG-TERM** | ) |
| **DISABILITY PLAN, an employee benefit** | ) |
| **plan; and DOES 1 through 10, inclusive;** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

Plaintiff, Lori Thomas, alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Clark County, Kentucky. She was an employee of Fazoli's Restaurant Group, Inc., and by virtue of said employment she qualified for disability benefits through the Fazoli's Restaurant Group, Inc., Long-Term Disability Plan.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Life Insurance Company of North America, is a corporation existing under the laws of Pennsylvania and doing business in the Southern District of West Virginia.

1

3. Plaintiff is informed, believes and thereupon alleges that Defendant, Fazoli's Restaurant Group, Inc., Long-Term Disability Plan, is an employee benefit plan existing under the laws of Kentucky and doing business in the Southern District of West Virginia.

4. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged. The true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained.

## Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e)(1) (Federal Question). Venue is additionally proper pursuant to 29 USC Section 1132(e)(2).

## Plan Provisions and Actions

6. The Plan was at all material times a duly organized, existing and qualified Plan. *A copy of the Fazoli's Restaurant Group, Inc., Long Term Disability Plan is attached hereto as Exhibit A and incorporated herein by reference.*

7. The Plaintiff was an employee of Fazoli's Restaurant Group, Inc., and was duly qualified participant in the Plan at all material times hereto. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

8. The Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

9. The Long Term Disability Plan that Defendant, Life Insurance Company of North America sold Fazoli's Restaurant Group, Inc., contains "any occupation" and "own occupation" definitions of disability. These definitions can be found in the May 16, 2016 letter denying Plaintiff additional disability benefits:

**Definition of Disability/Disabled**

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of any Occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of his or her Indexed Earnings.

10. In April of 2012, the Plaintiff became totally disabled by virtue of her inability to work as required by the Plan.

11. The Plaintiff was approved for LTD benefits through most of the "own occupation" period of disability, and then was denied additional LTD benefits after a failed return to work attempt through the Defendants vocational rehabilitation program.

12. Plaintiff was denied additional LTD benefits by letter dated March 5, 2013.

13. Plaintiff appealed this decision on January 23, 2013. The appeal was again denied by the Defendants on July 3, 2014. Once again, the Plaintiff appealed the decision of the Defendants on September 9, 2014. The Plaintiff was again denied by letter dated April 22, 2015. The Plaintiff attempted to appeal the denial on June 9, 2015.

14. Plaintiff retained the undersigned counsel, and a voluntary appeal review was requested in writing on October 19, 2015.

3

15. The May 16, 2016 denial letter fully exhausted Plaintiff's administrative remedies.

16. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and the opinions of her treating physician, *See Exhibit B*.

17. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

18. The Court has authority to review the decision of the Plan de novo.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Life Insurance Company of North America, Fazoli's Restaurant Group, Inc., Long Term Disability Plan, and DOES 1 through 10, inclusive.)**

19. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18, inclusive.

20. The Plaintiff is due rights and benefits under the terms of the Plan.

21. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

22. The decision denying the Plaintiff the rights and benefits due to the Plaintiff under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith.

23. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

24. As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred, and will incur in the future, attorney fees and costs in an amount to be proven.

25. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages in an amount to be proven. Such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award Plaintiff a money judgment for all sums owed to Plaintiff;

3. Awarding Plaintiff prejudgment interest to the date of judgment;

4. Awarding Plaintiff's attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

Dated: 21st day of February, 2017

UNDERWOOD LAW OFFICES

By: J. Patrick L. Stephens
J. Patrick L. Stephens, WVSB #10262
923 Third Avenue
Huntington, WV 25701
Telephone: (304) 522-0508
Facsimile: (304) 399-5449
*Counsel for Plaintiff*

5